UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GRANT S. QUINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-02076-JMS-TAB |
| | ) | |
| MOHAMED A. MOHAMED, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

On December 30, 2015, Defendant removed Plaintiff's state court action to federal court, alleging that this Court could exercise diversity jurisdiction over Plaintiff's action. [Filing No. 1.] After being reminded of his obligation to do so, [Filing No. 9], Plaintiff filed a Local Rule 81-1 statement responding to Defendant's allegations in the Notice of Removal regarding the presence of diversity jurisdiction, [Filing No. 10]. Plaintiff's statement limits his admission of Defendant's citizenship allegations by noting that he "has no evidence to disbelieve" them. [Filing No. 10 at 1.] With regard to Defendant's allegation that the amount in controversy in this action exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs, Plaintiff responds that he "is still undergoing medical treatment" and "lacks sufficient information upon which to form a belief about the value of plaintiff's damages at this time." [Filing No. 10 at 1.]

"[B]oth the Supreme Court and [the Seventh Circuit Court of Appeals] have noted time and again that subject matter jurisdiction is a fundamental limitation on the power of a federal court to act." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000) (collecting cases). Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop*

*Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

Plaintiff's Local Rule 81-1 statement is deficient because "[w]hen a case is initially filed in state court and then removed to federal court, the time-of-filing rule means that we analyze our jurisdiction at the time of removal, as that is when the case first appears in federal court." *Hukic*, 588 F.3d at 427. Thus, the ongoing nature of Plaintiff's treatment does not matter for purposes of determining the propriety of Defendant's removal on December 30, 2015. Moreover, Local Rule 81-1 provides that Plaintiff should have met and conferred with Defendant if he lacked sufficient information to sufficiently respond to the jurisdictional allegations in the Notice of Removal. Plaintiff's statement does not state that he did so.

For these reasons, the Court **ORDERS** the parties to meet, confer, and conduct whatever investigation is necessary to file a **joint jurisdictional statement by February 24, 2016**, setting forth each party's citizenship and whether they agree that the amount in controversy at the time of Defendant's removal was at least $75,000, exclusive of interest and costs. If the parties cannot agree on the contents of a joint statement, competing statements are due by that date.

Date: February 12, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF:**

Katherine S. Strawbridge
LEWIS WAGNER LLP
kstrawbridge@lewiswagner.com

Lesley A. Pfleging
LEWIS WAGNER LLP
lpfleging@lewiswagner.com

Robert R. Foos
LEWIS WAGNER, LLP
rfoos@lewiswagner.com

Frederick Walter Crow
YOUNG & YOUNG
crownoe@earthlink.net